B. V. GAMMAGE, Guardian, &c. *vs.* SAMUEL NOBLE, Administrator, &c.

After the expiration of twelve months from the time of administration, the distributees of an estate are entitled to distribution upon tendering a refunding bond; and such bond having been tendered in this case, the court below erred in sustaining the demurrer to the petition for distribution.

As the guardian is to have the custody of the ward and his property, and gives bond for the faithful execution of his trust, there is no valid objection to the petition for distribution being filed in his name.

ON appeal from the probate court of Smith county.
The facts will be found in the opinion of the court.

*D. W. Adams,* for appellant.

*J. F. & G. P. Foute,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

This was a petition by the guardian of certain minors for distribution by the administrator of the estate in his hands. More than twelve months had expired, and the distributees were entitled, as this court has repeatedly held, to distribution, upon tendering a refunding bond. This bond was tendered by the guardian. The probate court sustained a demurrer to the petition, and ordered it to be dismissed. This, we believe, was erroneous. The demurrer to the petition should have been overruled, and distribution should have been ordered according to the prayer of the petition. The point that has been mainly relied on by the appellees to sustain the opinion of the court below, to wit, that the petition for distribution is in the name of the guardian, does not form a valid objection to the petition. In the case of minors, we do not think any valid reason exists, why a guardian should not petition in his own name for distribution to be made of his ward's estate.

The statute provides, that when distribution is made, " the court shall have power to order the said distributive share, or other property belonging to such orphan, to be delivered to such

guardian immediately, or at such time as shall appear reasonable." Hutch. Code, p. 504, § 147.

As the guardian is to have the custody of the ward and of his property, and gives bond for the faithful execution of his trust, we see no valid objection to the petition for distribution being filed in his own name.

Let the judgment of the probate court be reversed, the demurrer of the defendant overruled, and the cause remanded for further proceedings.